UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GRIMA,

        Petitioner,

                              CASE NO. 12-11846

v.

                              HONORABLE JOHN CORBETT O'MEARA

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND

Michigan prisoner John Grima has filed a *pro se* application for the writ of habeas corpus challenging his Oakland County convictions for criminal sexual conduct. He claims that his guilty plea was invalid and that he was deprived of effective assistance of counsel. Petitioner is serving a sentence of fifteen to thirty years in prison for third-degree criminal sexual conduct and twelve to thirty years in prison for second-degree criminal sexual conduct.

Currently before the Court is Petitioner's motion for release on bond pending resolution of his habeas petition. The State opposes any requests for bond and argues in an answer to the petition that Petitioner's claims are procedurally defaulted or meritless.

To be released on bond pending review of a habeas petition, the petitioner must show that, "in addition to there being substantial questions presented by the appeal, there is some circumstance making [the] application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964).

"Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the standard established in *Aronson. Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Petitioner claims that he was released on bond after his arrest and that he is illegally confined now. Additionally, he contends that he has strong family ties in the community, that he will be provided employment, housing, and financial assistance if released, and that he is not a flight risk.

Even if the Court were to assume that the habeas petition presents substantial questions of law, Petitioner has failed to show the existence of some circumstance making his motion for bond exceptional and deserving of special treatment in the interests of justice. Accordingly, the motion for release on bond (ECF No. 8) is DENIED.

                                                    s/John Corbett O'Meara  
                                                    United States District Judge

Date: December 13, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 13, 2013, using the ECF system and/or ordinary mail.

                                                    s/William Barkholz  
                                                    Case Manager